IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| MARY ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | _____ |
| HUMANA INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Mary Allen ("Plaintiff") brings this action for violations of the Employee Retirement Income Security Act of 1974 committed by Humana Insurance Company (hereafter "Humana"), in connection with the provision of ERISA-governed disability benefits under an Accidental Death Plan sponsored by Advanced Mechanical Services, Mr. Allen's employer before his death.  In support of the relief requested herein, Plaintiff alleges the following upon personal knowledge as to herself and as to all other matters upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys:

1

## INTRODUCTORY STATEMENT

1. This is an action for legal and equitable relief seeking redress of violations of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"). This suit is brought pursuant to 29 U.S.C. § 1132(a), in order to secure disability benefits due to Plaintiff through the Advanced Mechanical Services ("AMS") Accidental Death and Dismemberment welfare benefit plan ("The Plan").

2. The Plan benefit Plaintiff seeks is a death benefit payable to her as the widow of the late James Allen and beneficiary to his Accidental Death policy.

3. Plaintiff seeks this benefit stemming from the death of her husband, James Allen, on November 9, 2016 when he fell and then died from causes set in motion by an accidental fall which caused a subdural hematoma according to the Jefferson County Coroner's office.

## JURISDICTION

4. Jurisdiction is appropriate under 28 U.S.C. § 1331 in that 29 U.S.C. § 1132(e) confers jurisdiction upon the district courts of the United States where, as here, Plaintiff's claim relates to an "employee welfare benefit plan" and/or an "employee pension plan" as those terms are defined within 29 U.S.C. § 1001, et. seq. The Plan "may be found" within this district.

5. Venue is appropriate in this District Court pursuant to 29 U.S.C. § 1132(e)(2), in that the employee welfare benefit plan at issue was at least partly

administered in this District, the breaches of duty alleged herein occurred in this District, and the Defendant may be found or resides in this District and, pursuant to 28 U.S.C. § 1391(b), in that the cause of action arose in this District.

## PARTIES

6. As of the filing of this Complaint, Plaintiff Mary Allen is an Alabama resident and citizen, as was her husband before his death.

7. Defendant Humana Insurance Company is a foreign corporation that does business by agent or otherwise in all counties in Alabama.

8. Humana is a "fiduciary" of The Plan as that term is defined by 29 U.S.C. § 1002(21).

9. Humana's designated agent for service of process is:

Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

10. Humana is an entity exercising authority or control respecting the management or disposition of The Plan assets or the personnel exercising said authority over The Plan assets.

11. Humana is an entity providing services to The Plan at issue.

12. Humana is an entity meeting ERISA's definition of a "party in interest" in this case as that term is defined by 29 U.S.C. § 1002(14).

## THE PLAN

13. Upon information and belief, the AMS Accidental Death & Dismemberment Plan at issue was funded in its entirety by an accidental death policy sold by Humana, the company which also underwrote the policy.

14. This accidental death policy was purchased by Plaintiff's husband, who was employed by the plan sponsor AMS, for the purpose of conferring a benefit upon Plaintiff's husband and other employees and their beneficiaries like Plaintiff Mary Allen.

15. As a result, this policy qualifies as an employee welfare benefit plan as defined in 29 U.S.C. § 1002(1), and Plaintiff qualifies as a participant and/or beneficiary under The Plan as that term is used in 29 U.S.C. § 1132.

16. Under the terms of The Plan providing for an accidental death benefit, the manner of death sustained by participant James Allen, Plaintiff's late husband, was an "accident" as defined by the Plan.

17. Further, the "accident" resulting in Plaintiff's husband's death is not subject to any proven policy exclusions, including a policy exclusion for death caused by or resulting from disease or sickness.

18. There are no Plan documents indicating that Humana has an enforceable grant of discretionary authority as Plan or Claims Administrator or that any express delegation has occurred.

## HUMANA'S LIABILITY

19. Decedent and plan participant James Allen enrolled in AMS's AD&D plan intending that the $50,000 benefit it offered in the event he unexpectedly was killed or incapacitated in an accident so that his wife Mary Allen (Plaintiff in this action) and his family would be financially protected. This was to be part of his legacy to his wife and daughter.

20. Decedent James Allen died on November 9, 2016 after he fell in his hotel room.

21. According to the medical examiner, Mr. Allen died when he suffered a subdural hematoma caused by a fall, which in turn led to heart failure.

22. The medical examiner's office classified Mr. Allen's death as an "accident."

23. Plaintiff thereafter applied for her husband's accidental death benefit with Humana.

24. Humana denied the benefit through a decision letter dated December 12, 2016. A true and correct copy of Humana's December 12, 2016 decision letter is attached to this Complaint as Exhibit 1.

25. Humana's decision letter at Exhibit 1 indicates the reason for denying the claim to be under the policy's intoxication exclusion.

26. Plaintiff appealed the denial, contending that Humana's stated ground for reaching the decision was erroneous and asked that it be overturned.

27. Humana denied Plaintiff's appeal in a letter dated July 13, 2017.

28. A true and correct copy of Humana's July 13, 2017 letter is attached to this Complaint as Exhibit 2.

29. In this July 13, 2017 letter, Humana determined that "alcohol was not responsible for James Allen's death," but nevertheless upheld its denial on a different ground as Exhibit 2 indicates.

30. In a letter dated July 18, 2017, Mrs. Allen, through her counsel, noted the new never-before-asserted ground for the termination and asked Humana whether the administrative process was concluded.

31. A true and correct copy of Mrs. Allen's counsel's letter is attached to this Complaint as Exhibit 3

32. Humana responded in a letter dated July 28, 2017 indicating the exhaustion of administrative remedies and that it would not entertain an appeal unless "new" information was submitted.

33. A true and correct copy of Humana's July 28, 2017 letter is attached as Exhibit 4.

34. Plaintiff thereafter requested a copy of Humana's claim file and other documents pursuant to 29 C.F.R. § 2560.503-1(h)(2)(iii).

35. In responding to that request, a number of documents were never produced. Documents not produced include:

    (a) the claims manual and procedures which governed the administration of Plan benefits;

    (b) documents exchanged with or generated in the course of claims administration by entities hired in connection with the administration of Plaintiff's benefits claim;

    (c) documents relating to bonus and incentive compensation programs applicable to Plaintiff's claims handlers; and

    (d) documents sent to, received by, or created by Humana's legal department in connection with the administration of Plaintiff's claim.

36. The documents Humana has produced so far from Plaintiff's claim file, however, establishes numerous breaches and errors committed by Humana during the course of administering Plaintiff's claim, including:

    (a) The targeting of Plaintiff's claim for denial because ERISA governs;

    (b)    The failure by Humana to take any meaningful measures to insulate its claims process from its inherent conflict under the Supreme Court case *Glenn v. MetLife* and instead allowing its profit motive to influence its claims administration for Plaintiff;

    (c)    Depriving Plaintiff of the ability to obtain a full and fair review of her claim;

    (d)    Taking an adversarial posture against Plaintiff instead of a fiduciary posture by searching for ways to avoid paying her claim;

    (e)    Failing to conduct an adequate investigation, and not considering and/or according proper weight to relevant, supportive information; and

    (f)    Failing to adhere to the terms of the Plan, such as those governing the review of adverse benefit determinations.

37.    As set forth above in connection with Humana's fiduciary breaches, Humana's claim decision was the product of a conflict of interest whereby it allowed its own financial interests to supersede its fiduciary obligations to Plaintiff. Under *Glenn*, this presents an additional reason for application of a *de novo* standard to their claims decision.

38.   This conflict of interest further calls into question the credibility of Humana's claims personnel and reviewers.

39.   Humana considered the applicability of ERISA before making its decision. This presents an additional reason for application of a *de novo* standard to their claim decision, and to excuse the Plaintiff from further utilization of LINA's claim process.

40.   Humana did not provide Plaintiff with a meaningful opportunity for a full and fair review of her claim for benefits as required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1. Among other things, LINA ambushed the Plaintiff with an additional reason for "review" and denial argument in the final appeal phase. This is quintessential sandbagging and is an unfair claims administration practice.

41.   Humana's decision process did not comport with 29 U.S.C. § 1133's requirement that any notice of the denial must contain the specific reasons for such denial, written in a manner calculated to be understood by the participant, and must comport with Department of Labor regulations.

42.   Plaintiff has exhausted all Plan remedies even though Humana's failure to adhere to Plan terms or ERISA requirements and regulations did not require it. As such, this case is ripe for judicial review.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mary Allen respectfully requests this court find jurisdiction and venue appropriate, and after trial, grant her the following relief:

a. Award Plaintiff the death benefit due under the applicable Plan or policy pursuant to 29 U.S.C. § 1132(a);

b. For a judgment against the Defendant awarding Plaintiff prejudgment interest, costs and expenses, including the reasonable attorney's fee as permitted under 29 U.S.C. § 1132(g)(1);

c. For an order pursuant to 29 U.S.C. § 1132(c) awarding Plaintiff $110 for each day beyond the Defendant's respective due-dates for responding to Plaintiff's ERISA production requests; and

d. Such other relief as may be deemed just and proper.

Respectfully submitted,

_____
M. Clayborn Williams
(ASB-9101-A43M)

**The Martin Law Group, LLC**
**Attorneys for Plaintiff**
P.O. Box 20087
Tuscaloosa, AL 35402
T: (205) 343-1771
F: (205) 343-1781
E: clay@erisacase.com
E: david@erisacase.com

**Plaintiff's Address:**

Mrs. Mary Allen
c/o The Martin Law Group, LLC
P.O. Box 20087
Tuscaloosa, AL 35402-0087

**Defendants' Address:**

Humana Insurance Company
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104